```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, LLC                          CIVIL ACTION

VERSUS                                       NO: 14-2264

COMMUNITY INSURANCE COMPANY                  SECTION: J(4)
```

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 8)** filed by Plaintiff, Omega Hospital, LLC ("Plaintiff"), as well as an *Opposition* **(Rec. Doc. 11)** by Defendant, Community Insurance Company, doing business as Anthem Blue Cross and Blue Shield ("Defendant") and Plaintiff's *Reply* (**Rec. Doc. 16**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions should be **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

This lawsuit was originally filed by Plaintiff in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana on September 2, 2014. Plaintiff alleges that it provided medical care and services to patient A.Y. during April 2012, for which it billed $81,292,91. A.Y is a dependent beneficiary of a health benefits plan issued or administered by Defendant. Plaintiff further alleges that prior to providing A.Y. with medical treatment, it contacted Defendant, who confirmed that the services

1

and care to be provided were covered by the insurance plan. After rendering the treatment, Defendant failed to pay the amount sought, and instead reimbursed Plaintiff only the amount of $7,012.96. Prior to filing the present lawsuit, on November 28, 2012, Plaintiff's attorney mailed a letter to Defendant self-described as "both an appeal and a legal demand," in which Plaintiff demanded that Defendant pay it "a balance of $74,297.95, less any applicable co-insurance and/or deductible." (Rec. Doc. 11-1). When Defendant failed to respond by paying the unpaid balance as requested, Plaintiff filed suit, asserting claims of breach of contract and/or detrimental reliance and negligent misrepresentation, contending that the insurance claims were either negligently quoted to Plaintiff or were incorrectly paid by Defendant. In its petition for damages Plaintiff requested damages in the "approximate amount of $74,000 . . . plus attorney's fees and court costs." (Rec. Doc. 1-1, p. 4).

The matter was subsequently removed by Defendant to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). In its Notice of Removal, Defendant contends that it has met the requisite jurisdictional amount imposed by 28 U.S.C. § 1332(a), because it has proven that Plaintiff seeks damages in excess of $75,000. Defendant first submits that Plaintiff's estimation of damages in the amount of $74,000 was derived from a calculation of its billed charges in the amount of $81,292.91 less the

reimbursement tendered by Defendant in the amount of $7,012.96. Defendant further contends that this amount in dispute of $74,279.95 should be supplemented by Plaintiff's right to recover attorneys' fees. Because Defendant's alleged breach of contract may constitute a failure to pay on an open account and because attorney's fees are specifically requested in Plaintiff's petition, Defendant contends that Plaintiff retains the right pursuant to La. R.S. § 9:2781 to seek attorneys' fees, which must be included in the amount in controversy for purposes of removal. Plaintiff then filed the instant motion, requesting that this Court remand the matter back to the 24th Judicial District Court.

## LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The Fifth Circuit has "established a clear analytical

framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia*, 233 F.3d at 883 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Because Louisiana law prohibits a plaintiff from specifying the numerical value of their damages in its petition, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, (5th Cir. 2002) (citing *De Aguilar,* 47 F.3d at 1412); *Gebbia*, 233 F.3d at 882; *Allen v. R&R Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A defendant may satisfy this burden by either: (1) demonstrating that it is facially apparent that the claims are likely to exceed $75,000 or (2) by relying on summary-judgment type evidence of facts in controversy that establish the jurisdictional amount. *Luckett*, 171 F.3d at 298. Once the removing party makes this showing, "removal is deemed proper unless the plaintiff[] show[s] to a legal certainty that [its] recovery will not exceed the jurisdictional amount." *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La. 1995) (citing *De Aguilar*, 47 F.3d at 1412).

### DISCUSSION

Plaintiff's motion presents two issues. First, the parties dispute the actual amount in controversy. Additionally, regardless of the actual amount of damages sought, the parties dispute whether

4

the amount in controversy includes attorney's fees to which Plaintiff may potentially be entitled.

**A. Amount at Issue**

The parties first dispute the actual amount in controversy, exclusive of a potential award of attorney's fees. In its petition for damages, Plaintiff seeks damages "in the approximate amount of $74,000.00." (Rec. Doc. 1-1, p. 5). In determining the precise amount of damages at issue, both parties have reached substantially different conclusions. Defendant's calculations reflect an amount in controversy of $74,279.95.[1] In contrast, Plaintiff contends that the actual amount at issue is calculated at $69,324.79.[2] Essentially the dispute regarding the calculations revolves around the starting amount used in the calculations. Plaintiff contends that this starting point should reflect the "reasonable and customary" amount charged for the services provided by A.Y., less the amount of benefits provided by the insurance policy as represented by Defendant, whereas Defendant takes the position that this starting point should reflect only the amount charged by

---

[1] Defendant derived this amount by considering the total amount billed by Plaintiff for services provided to A.Y. in the amount of $81,292.91, less the amount Defendant already reimbursed Plaintiff in the amount of $7,012.96. (Rec. Doc. 11, p. 7).

[2] In its motion, Plaintiff originally alleged that this amount equaled $68,279.95, but adjusted this amount in its Reply to allegedly reflect a more precise calculation. Plaintiff asserts that it reached this number by starting at the amount charged ($81,292.91) less the amount of benefits that Defendant represented were to be applied to the charges, in the form of coinsurance ($4,955.16), and the amount already paid by Defendant ($7,012.96). (Rec. Doc. 16, p. 5-6).

5

Plaintiff.

The Court has great discretion in determining whether the jurisdictional amount has been satisfied. *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (quoting *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) ("[T]he trial court is not required to follow any set procedure in determining whether the jurisdictional amount has been satisfied [and] . . . the method of determining the length and breadth of the amount in controversy is entirely within the discretion of the trial court.") (internal quotations omitted). Here, the Court disagrees with Plaintiff that the estimate of $74,000 plead in Plaintiff's petition refers to an amount in controversy of $69,324.79. Generally, despite the fact that Louisiana law precludes plaintiffs from pleading specific amounts for damages in their petitions, if a plaintiff wishes to establish that diversity jurisdiction does not exist over the matter, it is required to explicitly declare in its state court petition that its damages do not exceed $75,000. *Wornner v. Christian Home Health Care, Inc.*, No. 13-6416, 2014 WL 130331, at *3 (E.D. La. 1/14/14) (Barbier, J). Here, because Plaintiff did not do so, there exists a "strong presumption" in favor of federal jurisdiction. *Id.* (quoting *Raggio v. Hartford Steam Boiler Inspection and Ins. Co.*, No. 06-1981, 2006 WL 4059093, at *1 (W.D. La. Dec. 29, 2006)). Additionally, while Plaintiff has provided the Court with extensive e-mail exchanges

6

between counsel for both parties regarding the proper calculations of the damages amount, it has failed to provide any concrete evidence of why its particular calculation is appropriate. Despite Plaintiff's allegations that this method of calculation reflects how Defendant orally represented the procedure for processing the claim, it fails to provide any specific evidence to support this contention, and fails to even reference the terms regarding co-insurance contained in A.Y.'s insurance policy.

Weight should also be given to Plaintiff's original estimate of the amount of damages included in its petition for damages. Plaintiff provides no reason for why it would include as the amount of damages sought in its petition "the approximate amount of $74,000.00" rather than $69,000 or $68,000, if it actually believed the proper estimate to be closer to the latter numbers. In opposition to Plaintiff's motion to remand, Defendant asserts that Plaintiff's calculation of damages in the amount of $69,324.79, which was not provided to either the Court or to Defendant until after the filing of Plaintiff's complaint, is merely an invalid post-removal attempt to reduce its demand in an effort to remove the case. It has been widely held within the Fifth Circuit that an attempt to reduce the amount of damages sought below the jurisdictional requirement does not justify a remand or otherwise affect a federal district court's jurisdiction. *See Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *St. Paul Mercury Indem.*

*Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Plaintiff, in response, maintains that its introduction of this new calculation reflecting a total damage request of $69,324.79 is merely an attempt to "clarify" the amount of damages sought. (Rec. Doc. 16, p. 5). Considering Plaintiff's failure to provide the Court with adequate evidence to support a calculation of $69,324.79, as well as Plaintiff's initial estimate of $74,000, the Court finds that this newly introduced calculation is simply an attempt to reduce the amount demanded for jurisdictional purposes. As such, the Court will consider $74,279.95, the amount included in Plaintiff's written demand letter to Defendant dated November 28, 2012 and the amount calculated by Defendant, to be the appropriate amount of damages at issue.

**B. Attorney's Fees**

Despite the fact that the amount of damages sought by Plaintiff in the amount of $74,279.95 falls below the requisite jurisdictional amount, Defendant contends that considering Plaintiff's potential for recovering attorney's fees pursuant to the Open Account Statute provided by La. R.S. § 9:2781 would satisfy the jurisdictional amount requirement. If Plaintiff is found to be entitled to recover attorney's fees, in light of the estimated number of hours that will be and have already been spent on this case, it is highly probable that the amount of attorneys' fees sought by Plaintiff would render the amount in controversy

above the requisite $75,000.[3]

Generally, attorney's fees may be included in determining the amount in controversy when such are provided for by contract or state statute. *Foret,* 918 F.2d at 537 (citing 14AA CHARLES ALAN WRIGHT & ALAN R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3712 (4th ed. 2014). The parties do not dispute that an award of attorney's fees granted pursuant to the Open Account Statute would contribute to a determination of the jurisdictional amount. The Open Account Statute provides in part:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. . . .

LA. REV. STAT. ANN. § 9:2781(A) (West 2010). The Statute provides a definition of open account as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." LA. REV. STAT. ANN. § 9:2781(D) (West 2010). This specifically includes "debts incurred for professional services, including but not limited to legal and

---

[3] Considering the actual amount in controversy to be $74,279.95, in order for the jurisdictional requirement to be met, Plaintiff need to seek only $720.06. Considering that Plaintiff has apparently already devoted substantial time to this matter in the form of its motion to remand and reply memorandum, the Court finds that an award greater than $720.06 is almost certain.

9

medical services." LA. REV. STAT. ANN. § 9:2781(D) (West 2010). The parties do not dispute the applicability of the Open Account Statute to the type of claim at issue here.

Additionally, Plaintiff does not dispute that it originally sought attorney's fees upon filing its claim, stating in its petition that it sought "the approximate amount of $74,000 . . . *plus attorney's fees* and court costs." (Rec. Doc. 1-1, p. 4) (emphasis added). Simply relying on this fact, the Court finds that Defendant has satisfied its burden of showing by a preponderance of the evidence that the jurisdictional amount has been satisfied. Despite specifically requesting attorney's fees in its petition and in an attempt to prove by a legal certainty that the jurisdictional amount requirement has not been met, Plaintiff now contends that it is not entitled to recover attorney's fees pursuant to the Open Account Statute. First, Plaintiff asserts that it is precluded from obtaining attorney's fees through this legal mechanism as it did not specifically sue under a theory of open account. However, as noted by Defendant, the Fifth Circuit has previously recognized that it is not necessary for a plaintiff to reference a specific statute in its pleading when seeking attorney's fees in order to be deemed entitled to such an award. *Foret*, 918 F.2d at 534 (affirming the district court's finding that an award of attorney's fees was appropriate pursuant to a Louisiana statute "even though the sections [of the statute] were not cited in the complaint.").

Plaintiff next maintains that it is not entitled to attorney's fees under the Open Account Statute because it has not satisfied the requirements of the statute. Namely, Plaintiff asserts that it failed to "correctly set forth the amount owed" in either its petition for damages or its written demand letter to Defendant. Louisiana Courts limit relief pursuant to the Open Account Statute to only those plaintiffs who strictly follow the requirements set forth in its provisions. "To be awarded attorney fees, the claimant must strictly comply with the provisions of the cited statute. The amount demanded must be the correct amount." *Ferd. Marks-Smither and Co., Ltd. v. Home Furnishing Store, Inc.*, 430 So.2d 239, 241 (La. App. 4 Cir. 1983) (citing *Fleet Tire Serv. v. Schwegmann Bros. Giant Super Markets, Inc.*, 408 So.2d 54, 56 (La. App. 4 Cir. 1981); *Scarborough v. Nelson,* 371 So.2d 1261, 1266 (La. App. 3 Cir. 1979)). Plaintiff first contends that its petition for damages fails to set forth the correct amount owed, and instead seeks only a "ballpark estimate" in the amount of $74,000. Because Louisiana law precludes the inclusion of a specific amount of damages in complaints,[4] following Plaintiff's logic would mean that no plaintiff in Louisiana would ever be entitled to recover attorney's fees pursuant to the Open Account Statute, as they must include

---

[4] Louisiana's Code of Civil Procedure mandates that "no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand." LA. CODE CIV. PROC. ANN. art 893(A)(1) (2004).

only an estimate, rather than the "correct amount owed" in their petitions. Due to the absurdity of this potential result, the court finds this argument by Plaintiff to be without merit.

As such, the Court must next consider whether Plaintiff set forth the correct amount owed in its written demand to Defendant. Plaintiff contends that its demand letter dated November 28, 2012 also included an erroneous amount of damages, as it seeks a "balance of $74,279.95, less any applicable co-insurance and/or deductible," rather than the accurate amount of damages, which Plaintiff alleges to be $69,324.79. As noted above, the Court has determined the amount of $69,324.79 *not* to be the actual amount in controversy in this dispute. Rather, based on the estimate of $74,000 included in Plaintiff's petition, as well as Defendant's calculations, the appropriate amount of damages sought in this matter is $74,279.95, the exact amount included in the written demand letter dated November 28, 2012.[5] As such, Plaintiff did provide Defendant with the correct amount of damages owed, and has thus satisfied the stringent requirements of the Open Account

---

[5] It is also worth mentioning that if the Court had determined Plaintiff's calculation of $69,234.79 to be the proper amount in controversy, Plaintiff's argument that the demand letter did not reflect the correct amount of damages would also fail. Plaintiff previously argues that this amount reflects the $74,279.95 less the benefits provided by A.Y.'s insurance policy (including co-insurance and deductible). As such, the written demand letter properly reflects an amount determined by this same calculation.

Statute.[6]

Finally, Plaintiff relies in part on a stipulation included in its motion in which it sets forth "that the value of its claim is less than $75,000, and [it] would not under any circumstance seek or accept more than that sum." (Rec. Doc. 8-1, p. 2). However, while this stipulation may have been made with good intentions, it has no effect on the Court's jurisdiction. The rule is clear that in order for a stipulation that the amount in controversy is not in excess of $75,000 to be binding, it must be "filed *before* removal and affirmatively renounce the right to collect damages in excess of the stipulated amount." *Wornner* 2014 WL 130331, at *3 (quoting *Guillory v. Progressive Paloverde Ins. Co.*, No. 13-1980, 2013 WL 6180294, at *2 (W.D. La. Nov. 25, 2013) (internal quotations omitted) (emphasis added)). When a plaintiff stipulates that the amount falls below the statutory limit *after* filing suit, this stipulation will bear no effect on the federal court's jurisdiction.[7] *Wornner*, 2014 WL 130331, at *3. This rule exists in

---

[6] In support of its argument that it has failed to satisfy the Open Account Statute's requirements, Plaintiff relies on a Louisiana Fourth Circuit decision finding that the statute's requirements were not met when a plaintiff failed to support the amount included in its written demand letter with invoices reflecting this sum. *See Universal Health Serv., Inc. v. Lopez*, 562 So.2d 1079, 1081 (La. App. 4 Cir. 1990). However, Plaintiff provides no support that this argument is relevant to the facts at hand. Because Plaintiff has not noted whether it actually failed to include an invoice with the written demand letter, the Court finds that it has failed to prove by a "legal certainty" that it has not satisfied the requirements of the Open Account Statute.

[7] A narrow exception does exist in which a Court may consider a post-removal affidavit stipulating that the jurisdictional amount is not met when at the time of removal, the amount in controversy is ambiguous. *Guilllory*, 2013 WL 6180294, at *2 (citing *Gebbia*, 233 F.3d at 883; *Associacion Nacional de Pescadores Escala*

light of judicial concern regarding the possibility of "abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *Manguno*, 276 F.3d at 724 (quoting *De Aguilar*, 47 F.3d at 1410 (internal quotations omitted)).

The Fifth Circuit's concern seems especially relevant here, as Plaintiff effectively filed a pleading in state court seeking a certain amount of damages without declaring that this amount does not exceed $75,000, and also explicitly sought attorney's fees. Now, Plaintiff seeks to repudiate its entire pleading, providing the Court with a substantially different amount of damages sought, and expressly rejecting that it is entitled to attorney's fees. Plaintiff has effectively admitted that its pleading for attorney's fees is frivolous and without merit, which appears to the Court to be curious at best and sanctionable at worst.[8] As such, and in light of the fact that Plaintiff has failed to show by a "legal certainty" that this Court lacks jurisdiction over this lawsuit,

---

*O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 656 (5th Cir. 1993)). However, as Plaintiff unambiguously included in its petition a request for damages in the amount of approximately $74,000, this exception is not applicable to the present circumstances.

[8] In a similar circumstance in which plaintiffs argued that their own claim for attorney's fees was without merit in an attempt to remand their lawsuit, the Fifth Circuit determined that "the trial court could have assessed Rule 11 sanctions against counsel for appellants." *Foret*, 918 F.2d at 537.

remand of this matter is not proper.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Remand* **(Rec. Doc. 8)** is **DENIED.**

New Orleans, Louisiana this 21st day of November, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE