UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OMEGA HOSPITAL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-2264** |
| **COMMUNITY INSURANCE COMPANY d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD** | **SECTION: "J" (4)** |

**ORDER**

Before the Court is a **Motion to Compel Corporate Deposition of Omega Hospital (R. Doc. 23)** filed by the Defendant, Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield ("CIC") seeking a court order compelling the corporate deposition of the Plaintiff, Omega Hospital, LLC ("Omega"). The motion is opposed. *See* R. Docs. 24. The motion was heard for oral argument on Wednesday, May 13, 2015.

**I.   Background**

This action arises out of the alleged misrepresentation by CIC to Omega of a patient's insurance coverage in reference to specific care that was rendered by Omega. Omega alleges that before treatment was rendered to the patient it verified with CIC the patient's benefits and received pre-certification for the treatment. *See* R. Doc. 1-1, at 3-4. Omega alleges that CIC represented that the benefits would be calculated based upon the reasonable and customary charge for the services, subject only to medical necessity and the patient's applicable coinsurance, deductible, and any co-pay amounts due. *Id.* at 4.

Omega alleges that after treatment was rendered and the claims were submitted to CIC, CIC failed to tender payment based upon the reasonable and customary charge for the services. *Id.* Omega alleges that CIC either negligently quoted the amount to be paid or incorrectly paid, such that CIC is liable to Omega for $74,000. *Id.* Omega instituted this action under the theories of negligent misrepresentation, detrimental reliance, and/or breach of oral contract. *Id.* at 5.

In the instant motion, CIC seeks to conduct a 30(b)(6) corporate deposition of Omega and represents that Omega continues to designate Debbie Schneck as the witness but she is unavailable due to long-term health issues. *See* R. Doc. 23. CIC represents that it originally noticed the corporate deposition for April 21, 2015 but that date had to be rescheduled due to a conflict in Omega's counsel's schedule. *See* R. Doc. 23-1, at 2. CIC argues that the second date selected was for April 24, 2015 but that date conflicted with Schneck's surgery. *Id.* CIC contends that a discovery conference was held on March 26, 2015 after counsel for CIC requested that Omega designate another person as the corporate representative. *Id.* At the conference, the parties agreed on a third deposition date, April 13, 2015, but the afternoon before the deposition Omega informed CIC that Schneck was too ill and in too much pain to be deposed. *Id.* CIC now seeks a court order compelling Omega to designate a new corporate representative that can be deposed before the discovery deadline of June 15, 2015.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

When seeking to depose an organization, such as a public or private corporation, a partnership, an association, or a governmental agency, a party must notice the deposition pursuant to Rule 30(b)(6). Rule 30(b)(6) requires that "the requesting party describe the matters for examination with 'reasonable particularity'" in the 30(b)(6) notice. *Function Media, L.L.C. v. Google, Inc.*, No. 2:07-CV-279-CE, 2010 WL 276093, at *2 (E.D. Tex. Jan. 15, 2010). Upon receiving the notice, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6).

### III.   Analysis

CIC argues that since Schneck's health prevents her from testifying Omega should be ordered to designate other individuals to fulfill its duties under Rule 30(b)(6). *See* R. Doc. 23-1, at 4. CIC contends that the recurring medical issues and surgery that prevent Schneck from testifying on behalf of Omega does not excuse Omega from appearing for its deposition in accordance with Rule 30(b)(6). *Id.* CIC further contends that even if the alternative designee lacks personal knowledge as to one or more of the topics in the deposition, Omega should to be compelled to designate an alternative witness and prepare them for the deposition before the discovery deadline of June 15, 2015. *Id.*

In opposition, Omega contends that there is only one person at Omega that is authorized to testify as to the vast majority of the noticed topics and that individual is Schneck, the company's CEO. *See* R. Doc. 24, at 2. Omega concedes that Schneck has had a rough start to the new year and that a couple of medical conditions have prevented her from attending scheduled depositions, but argues that Schneck is not adverse to testifying and is not trying to avoid the deposition. *Id*. Omega represents that it has recently provided three alternative deposition dates in July and proposes that the parties continue the discovery deadline to accommodate Schneck.

*Id*. Omega also argues that designating an alternative would require Schneck to educate another for the deposition but a modest deadline extension would allow Schneck to directly educate CIC. *Id*. at 3.

CIC filed a reply memorandum and argued that Omega's request for a continuance of the deadlines is not properly before the Court and that Omega must file a formal motion to make said request. *See* R. Doc. 29-1, at 4. CIC argues that an extension of the discovery deadline would inevitably continue the trial date currently set for August 17, 2015. *Id*. CIC avers that contrary to Omega's representation, its website does not list Schneck as its CEO, but identifies Dr. Eric George as the CEO. *Id*. at 4.

During the hearing, counsel for the Plaintiff clarified that Schneck is the designated person to testify on behalf of the company and that she may be co-CEO along to with Dr. George. Counsel stated that Dr. George is the CEO primarily in name and is the major surgeon at the hospital who conducts surgeries on a daily basis and does not deal with the operation of the hospital, which is the duty of Schneck. Counsel further represented that Schneck is currently on narcotic pain medication and anticipates that she will be available for the deposition on July 7 - 9, 2015; however, it is unconfirmed whether Schneck's availability in July is based upon orders from her doctor or her own personal preference.[1]

Schneck's surgery occurred on or around April 24, 2015 and to facilitate recovery she presumably began a course of narcotic medication after the surgery. Without confirmation from her doctor instructing that Schneck will only be able to testify on July 7 - 9, 2015, the Court finds that it is reasonable under these facts that Schneck should be available to testify on behalf of Omega by June 15, 2015, which is the parties' discovery deadline. The Court also finds that the

---

[1] Counsel for the Plaintiff was directed to contact Schneck during the hearing to confirm that her availability on July 7 - 9, 2015 was based on medical necessity and not personal preference. Counsel was unable to reach Schneck at the time of the hearing and it remains unconfirmed whether her availability in July is arbitrary.

trial date and expert deadline will not need to be extended to accommodate the deposition of Schneck and that there is sufficient time to file pre-trial motions due to the extension of the pre-trial motions deadline from July 1, 2015 to July 15, 2015. *See* R. Doc. 32 ("All pre-trial motions, including motions in limine regarding the admissibility of expert testimony, should be filed in sufficient time to permit hearing thereon no later than July 15, 2015.")

Therefore, based on the foregoing,

**IT IS ORDERED** that Defendant's **Motion to Compel Corporate Deposition of Omega Hospital (R. Doc. 23)** is **GRANTED** and the 30(b)(6) deposition shall occur **on or before June 15, 2015** with a qualified corporate representative.

New Orleans, Louisiana, this 14th day of May 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**