UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OMEGA HOSPITAL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-2264** |
| **COMMUNITY INSURANCE COMPANY d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion for Expedited Consideration of Plaintiff's Motion for Reconsideration of Order Denying Motion for Relief from Discovery Order and to Continue Discovery Deadline** (**R. Doc. 55**) filed by the Plaintiff, Omega Hospital, LLC ("Omega"). Omega seeks to expedite the underlying motion because it was previously ordered to produce a corporate representative on or before June 15, 2015 but did not do so. Given the urgent nature of the underlying motion, the Court orders that the motion to expedite is granted and the Court shall now consider the merits of the underlying motion.

The underlying motion is a **Motion for Reconsideration of Order Denying Motion for Relief from Discovery Order and to Continue Discovery Deadline** (**R. Doc. 54**). On June 15, 2015, the Court denied the Plaintiff's motion seeking relief from the Court's May 14, 2015 Order (R. Doc. 36) on the grounds that Debbie Schenck, Omega's designated corporate representative, was not available to testify on June 15, 2015 due to her medical condition. Omega now seeks reconsideration of the Court's June 15, 2015 Order (R. Doc. 53).

Schenck's medical condition and inability to testify was the subject of the Defendant's prior Motion to Compel Corporate Deposition (R. Doc. 23). During the hearing on the Defendant's motion, counsel for Omega represented that Dr. Eric George is the Co-CEO of the hospital but that he does not deal with the operations of the hospital, which is purportedly the duty Schneck. However, counsel asserted that Schneck was unavailable to testify because she was on narcotic pain medication. Based on the parties' representations during the hearing, the Court ordered

that "the 30(b)(6) deposition shall occur on or before June 15, 2015 **with a qualified corporate representative**." *See* R. Doc. 36, at 5 (emphasis added).

Nonetheless, on June 10, 2015,[1] five days before the 30(b)(6) deposition was ordered to occur, Omega filed a motion seeking relief from the Court's order on the grounds that Schenck's doctor has recently instructed her to use a device that will assist with her knee surgery recovery and that the device causes extreme pain which has caused her to begin taking narcotic pain medication. *See* R. Doc. 52-1, at 2. At the time of the filing, Omega did not provide any medical evidence to substantiate its claim and continued to argue that Schenck is the only corporate representative. On June 15, 2015, the Court denied the Plaintiff's motion for relief from the Court's May 14, 2015 Order (R. Doc. 36) holding that Omega failed "to provide any verification from Schenck's doctor that she was prescribed the device and medication, and that it renders her in a stupor for which she cannot competently testify." *See* R. Doc. 53.

Now before the Court is Omega's request for reconsideration of the June 15, 2015 Order (R. Doc. 53). The subject motion includes an attached document created by Schneck's doctor stating the following: "The patient is currently taking narcotic pain medication and will undergo a second procedure for her right knee. Therefore, it is my medical opinion, that she is unable to perform a deposition at this time until she has completed her therapy and has halted all narcotic pain medications." Omega avers that the Court should reconsider the June 15, 2015 Order (R. Doc. 53) in light of the above.

In reviewing the document, the Court finds that it is not sufficient to warrant the reconsideration of the June 15, 2015 Order. The document fails to identify the type of medication Schneck is taking and its effect on her ability to testify. While the doctor says Schneck will undergo a second procedure, it does not state when that procedure will occur or explain why the

---

[1] Omega originally filed its motion seeking relief from the May 14, 2015 Order on June 10, 2015, but due to deficiencies, it was not properly before the Court until June 12, 2015.

procedure would impact her ability to **sit** and testify. Additionally, the document is absent of any projected date that Schneck will once again be available to sit for a deposition.

In addition to the incompleteness of the document prepared by Schneck's doctor, Omega does not address its failure to comply with its burden to **prepare** a corporate representative. As the designating party, Omega has the burden to "designate knowledgeable representatives and/or take appropriate steps to prepare such designees." *Johnson v. Big Lots Stores, Inc.*, No. CIV.A. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008). Furthermore, "[t]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). Thus, the designating party is not required to present someone with pre-existing personal knowledge of the noticed topics, but to present an individual that has been prepared to testify on behalf of the corporation.

Omega's duty is not to present Schneck for the 30(b)(6) deposition, but to present a prepared and qualified individual. Omega continues to delay this proceeding to accommodate the medical condition of Schneck but the Court's duty to administer justice in a just and speedy manner shall not be bound by Omega's insistence on producing Shneck as its corporate representative. The Court is aware that Omega's website represents Dr. George as the hospital's CEO.[2] Therefore, Omega shall either prepare Dr. George or designate another qualified individual to participate in the 30(b)(6) deposition by June 30, 2015, or it shall be subject to appropriate penalties.

---

[2] Welcome from CEO, Omega Hospital, http://www.omegahospital.com/welcome-from-ceo (last visited June 16, 2015)

3

Thus,

**IT IS ORDERED** that Omega's **Motion for Expedited Consideration of Plaintiff's Motion for Reconsideration of Order Denying Motion for Relief from Discovery Order and to Continue Discovery Deadline (R. Doc. 55)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Omega's **Motion for Reconsideration of Order Denying Motion for Relief from Discovery Order and to Continue Discovery Deadline (R. Doc. 54)** is **DENIED.**

**IT IS FURTHER ORDERED** that Omega produce its CEO Dr. Eric George, or another qualified individual, as its designated corporate representative to participate in a 30(b)(6) deposition **no later than June 30, 2015**, or it shall be subject to appropriate penalties.

New Orleans, Louisiana, this 16th day of June 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**