UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OMEGA HOSPITAL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2264** |
| **COMMUNITY INSURANCE COMPANY d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion for Sanctions (R. Doc. 103)**, filed by the Defendant, Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield ("CIC"). CIC seeks sanctions for the failure of the Plaintiff, Omega Hospital, LLC ("Omega"), to produce a qualified corporate representative to its 30(b)(6) deposition in violation of this Court's Orders. The motion is opposed. *See* R. Doc. 103. The motion was heard on the briefs on August 12, 2015.

**I.  Background**

This action arises out of the alleged misrepresentation by CIC to Omega of a patient's insurance coverage in reference to the patient's mastectomy surgery that was rendered by Omega. Omega alleges that before treatment was rendered to the patient from April 12-15, 2012, it verified with CIC the patient's benefits and received pre-certification from CIC for the treatment. *See* R. Doc. 1-1, at 3-4. Omega alleges that CIC represented that the benefits would be calculated based upon the reasonable and customary charge for the services, subject only to medical necessity and the patient's applicable coinsurance, deductible, and any co-pay amounts due. *Id.* at 4. Omega alleges that after treatment was rendered and the claims were submitted to CIC, CIC failed to tender payment based upon the reasonable and customary charge for the services. *Id.* Omega alleges that CIC either negligently quoted the amount to be paid or incorrectly paid, such that CIC is liable to Omega for $74,000. *Id.*

On September 2, 2014, Omega instituted this action under the theories of negligent misrepresentation, detrimental reliance, and/or breach of oral contract in the 24th Judicial District Court Parish of Jefferson in Louisiana. *Id.* at 5. This action was removed to federal court pursuant to this Court's diversity jurisdiction on October 1, 2014.

On April 28, 2015, CIC filed a Motion to Compel Corporate Deposition of Omega Hospital (R. Doc. 23), seeking a Court order compelling Omega to produce a corporate representative for its 30(b)(6) deposition. CIC originally scheduled the corporate deposition for April 21, 2015, but it was rescheduled to April 24, 2015, due to a conflict in Omega's counsel's schedule. At that time, Omega designated Debbie Schenck, the Hospital Administrator, as the corporate representative. Schenck had been suffering for months with osteoarthritis and was scheduled to undergo knee surgery on April 20, 2015. Due to her pending surgery, the parties agreed to reschedule the deposition from April 24 to April 13, so the deposition could take place before her surgery. However, on the afternoon of April 12, 2015, the day before the scheduled deposition, Omega informed CIC that Schenck was too ill and in too much pain to be deposed.

During the hearing on the Motion to Compel, the Court was informed that Schenck and a surgeon named Dr. Eric George are Omega's CEOs. However, Omega argued that Schenck is the Hospital Administrator who deals with the operation of the hospital and is the only person with the institutional knowledge to address the noticed issues. After considering the parties' positions and Schenck's health circumstances, the Court concluded that Schenck should be available to testify on behalf of Omega by June 15, 2015, which is the parties' discovery deadline. *See* R. Doc. 36, p. 4. The Court then granted CIC's Motion to Compel and ordered that "the 30(b)(6) deposition shall occur on or before June 15, 2015 with a *qualified corporate representative*." *Id*. at 5 (emphasis added).

Omega filed a Motion for Relief from Discovery Order and to Continue Discovery Deadline (R. Doc. 52) on June 10, 2015,[1] five days before the 30(b)(6) deposition was ordered to occur, representing that Schenck would not be able to attend a corporate deposition by June 15, 2015. Omega asserted that Schenck's doctor has recently instructed her to use a device that will assist with her knee surgery recovery and that the device causes extreme pain which has caused her to begin taking narcotic pain medication. *See* R. Doc. 52-1, at 2. Thus, Omega sought the continuance of the discovery deadline so the deposition could take place after the June 15th deadline.

The Court denied Omega's Motion for Relief and denied Omega's Motion for Reconsideration, and clarified that Omega's duty is not to present Schenck for the 30(b)(6) deposition, but to present a prepared and qualified individual. *See* R. Docs. 53 and 56. The Court further ordered that "Omega produce its CEO Dr. Eric George, or another qualified individual, as its designated corporate representative to participate in a 30(b)(6) deposition **no later than June 30, 2015, or it shall be subject to appropriate penalties**." R. Doc. 56, p. 4 (emphasis in original).

On July 28, 2015, CIC filed the subject Motion for Sanctions, seeking a court order sanctioning Omega for violating this Court's Orders by producing two unqualified and unprepared corporate representatives. R. Doc. 103. CIC contends that Omega designated Shawna Johnson and Angela Maher as its corporate representatives for depositions on June 25, 2015, but they were not prepared to respond to the noticed topics. *See* R. Doc. 103-1. CIC argues that after Johnson and Maher were unable to respond to the questions, Omega subsequently offered to produce Schenck for a corporate deposition by skype on June 29, 2015. *Id.* at 1. Based on

---

[1] Omega originally filed its motion seeking relief from the May 14, 2015 Order on June 10, 2015, but due to deficiencies, it was not properly before the Court until June 12, 2015.

Omega's tactics during discovery, CIC seeks sanctions in the form of attorneys' fees and costs associated with taking the procès verbal of Omega on June 15, 2015, the Corporate Deposition of Omega on June 25, 2015, and preparing the subject Motion. R. Doc. 103. CIC also seeks a court order precluding Schenck from testifying at trial.

However, on August 6, 2015, Omega filed a Motion to Dismiss (R. Doc. 112), seeking a voluntary dismissal of this action because the "cost of pursuing the claim has far outweighed the value of the claim." The Court granted Omega's Motion to Dismiss, dismissing the case with prejudice, but retaining jurisdiction over the subject Motion for Sanctions. *See* R. Doc. 116. Accordingly, the Court shall now consider the merits of the subject Motion, but will only focus on the merits of CIC's request for attorneys' fees and costs as the request to preclude Schenck from testifying at trial is now moot.

## II.     Standard of Review

A federal court has the power to sanction a party who has abused the judicial process. The Court's power to sanction derives from two primary sources: (1) the Court's inherent authority and (2) Federal Rule of Civil Procedure ("Rule") 37. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46, 50-51 (1991); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

Rule 37 permits the trial court to issue any "just" orders when a party fails to comply with a prior discovery order. Such Orders can include:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv)  staying further proceedings until the order is obeyed;
> (v)   dismissing the action or proceeding in whole or in part;
> (vi)  rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order

Fed. R. Civ. P. 37(b)(2)(A).

Furthermore, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In considering the appropriate sanctions, "[t]he reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *International Transport Workers Federation v. Mi-Das Line SA*, No. 13-454, 2013 WL 1403329, at *8 (E.D. La. Apr. 4, 2013). Additionally, the Fifth Circuit requires the imposition of "the least onerous sanction which will address the offensive conduct." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997).

**III.  Analysis**

CIC seeks sanctions against Omega for producing two unqualified representatives after evading its obligation to produce a corporate representative for several months on the grounds of Schenck, its preferred representative, undergoing medical treatment. *See* R. Doc. 103-2, p. 1. CIC argues that once Omega realized it produced unqualified representatives, it "made an eleventh-hour offer to conduct a third deposition" with Schenck, for which CIC was not available to conduct. *See id.* CIC asserts that Omega emailed CIC's counsel immediately after the depositions on June 25, 2015, offering to set up a third deposition for June 29, 2015, at 10:00 a.m. to respond to questions that the witnesses were unable to respond to that day. *Id*. at 13. CIC contends that Omega later represented that the additional deponent was Schenck and that the deposition will have to occur by telephone or skype because Schenck was not in town. *Id*. at 14.

CIC argues that it declined the additional deposition because (a) it did not have anyone available due to the short notice; (b) it was entitled to depose the witness in person; (c) a deposition on June 29 would not assist with meeting the dispositive motion deadline of June 30; (d) Omega failed to explain why the witnesses it already produced failed to be educated by Schenck; and (e) it would be prejudiced by the fact that Omega had the benefit of knowing and preparing Scheck for the questions it already asked the prior witnesses. *See id.* Despite CIC's inability to depose Schenck, CIC contends that Omega used Schenck's affidavit to oppose and defeat CIC's Motion for Summary Judgment. *Id*. at 1-2.

Furthermore, CIC avers that Omega has misrepresented Schenck's health. CIC argues that Omega has previously represented that the pain medication Schenck was on after her surgery prevented her from being deposed before July 2015. *Id*. at 15. CIC contends that Omega further represented that Schenck had to undergo a second surgery on June 15, 2015, and would not be able to participate in a deposition until she has completed her therapy and has halted all narcotic pain medications. *Id*. CIC argues that Schenck must have made a remarkable recovery such that she could be deposed and travel by June 29, 2015, fourteen (14) days after her June 15 surgery. *Id*. at 16. CIC contends that "[t]his chain of events strains credulity." *Id*.

In opposition, Omega argues that its efforts to comply with the Court's Orders to produce a corporate witness cannot be characterized as a game because it attempted on multiple occasions to produce Schenck, the only qualified corporate representative to address the notice topics. *See* R. Doc. 109. After the Court ordered the production of a corporate representative by June 30, 2015, Omega contends that it anticipated that Schenck would be unavailable and designated its current manager of scheduling, Shawna Johnson, and the former billing and collections manager of MBC of Louisiana, LLC, Angela Maher. *Id*. at 4.

Omega contends that "[a]s the depositions unfolded . . . it became apparent that the deponents did not possess the level of institutional knowledge required to fully respond to [CIC's] noticed topics." *Id*. As a result, Omega argues that it immediately contacted Schenck and inquired whether she could be well enough to be deposed within the June 30 deadline set by the Court. *Id*. Omega asserts that Schenck agreed to be available in person for June 29, which was later changed to a remote deposition due to transportation issues. *Id*. at 15. Omega argues that CIC chose not to attend Schenck's deposition and it went forward as evidenced by a procès verbal. *Id*.

Omega argues that it did not violate this Court's Orders and that the sequence of medical events resulting from a chronic medical condition should not form the basis for sanctions. *Id*. at 6-7. Omega contends that the bottom line is that it had a qualified representative available within the ordered deadline of June 30 and that CIC would not be prejudiced by the time period between June 25 and June 29 because the topics were already noticed and known by Omega. *Id*. at 7. Omega contends that it has at all times attempted in good faith to produce a corporate representative and to meet deposition commitments and scheduling deadlines. *Id*. at 8.

Rule 37 provides for sanctions to be issued against a party for failure to comply with a court order; failure to disclose, supplement an earlier response, or admit; and failure to attend a deposition, serve answer to interrogatories or respond to request for inspection. *See* Fed. R. Civ. P. 37(b), (c), and (d). Specifically, a court may impose sanctions if "a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(I).

The Fifth Circuit has held that "[w]hen a corporation . . . designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available,

7

knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).

Based upon the Court's review of the transcript and Omega's own admission, the Court finds that the two witnesses designated by Omega were not adequately prepared for the corporate depositions. While the Court has always understood Omega's preference in producing Schenck for the corporate deposition, the Court has previously recognized Omega's obligation to produce a qualified and prepared corporate representative:

> As the designating party, Omega has the burden to "designate knowledgeable representatives and/or take appropriate steps to prepare such designees." *Johnson v. Big Lots Stores, Inc.*, No. CIV.A. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008). Furthermore, "[t]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)). Thus, the designating party is not required to present someone with pre-existing personal knowledge of the noticed topics, but to present an individual that has been prepared to testify on behalf of the corporation.
>
> Omega's duty is not to present Schenck for the 30(b)(6) deposition, but to present a prepared and qualified individual. Omega continues to delay this proceeding to accommodate the medical condition of Schenck but the Court's duty to administer justice in a just and speedy manner shall not be bound by Omega's insistence on producing Snack as its corporate representative.

*See* R. Doc. 56, p. 3.

Omega designated two corporate representatives to testify to the entire universe of the noticed topics. However, the witnesses were not able to respond to many of the questions posed by CIC's counsel. The Court concludes that this amounts to no appearance at all and a violation of the Court's Order (R. Doc. 56) to produce a qualified corporate representative by June 30, 2015. Omega's last minute attempt to schedule a supplemental deposition with Schenck is of no

moment. Omega should have either initially produced Schenck or properly prepared the two witnesses it chose to produce on its behalf.

Due to Omega's failure to comply with this Court's Order, the Court finds that sanctions are appropriate. The Court orders that Omega shall pay CIC's reasonable attorneys' fees and costs for the depositions on June 25, 2015, and the preparation of the subject Motion for Sanctions. However, Omega shall not be required to pay the attorneys' fees and costs for the procès verbal on June 15, 2015, because CIC failed to attach the transcript of the procès verbal for the Court's consideration.

### IV.   Conclusion

**IT IS ORDERED** that CIC's **Motion for Sanctions (R. Doc. 103)** is **GRANTED.**

**IT IS FURTHER ORDERED** that CIC's request for Rule 37 attorneys' fees and costs for the depositions on June 25, 2015, and the preparation of the subject Motion for Sanctions is **GRANTED**. CIC shall file a motion to fix attorney's fees into the record by September 2, 2015, along with: (1) an affidavit attesting to its attorneys' education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than September 8, 2015. CIC shall notice the motion to fix attorney's fees for hearing on Wednesday, September 16, 2015, and the motion shall be heard on that date without oral argument.

New Orleans, Louisiana, this <u>19th</u> day of August 2015.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**