UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OMEGA HOSPITAL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-2264** |
| **COMMUNITY INSURANCE COMPANY d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD** | **SECTION: "J" (4)** |

## ORDER

Before the Court is **Community's Motion to Fix Attorneys' Fees Pursuant to the August 19, 2015 Court Order (R. Doc. 123)** filed by the Defendant, Community Insurance Company ("CIC"). The motion was filed pursuant to the Court's Order (R. Doc. 121) in which it awarded reasonable attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37. CIC seeks to recover attorneys' fees in the amount of $8,821.08 and costs for $1,739.35. The motion is opposed. *See* R. Doc. 127. The motion was heard without oral argument.

### I.     Factual Summary

This diversity action arises out of the alleged misrepresentation by CIC to Omega Hospital ("Omega") as to a patient's insurance coverage. R. Doc. 1-1, p. 3. Omega alleges that before it rendered medical care to the patient it contacted CIC to verify that the specific medical treatment was covered by the patient's insurance. *Id.* Omega alleges that CIC pre-certified the medical treatment and thereafter Omega rendered medical treatment to the patient. *Id.* at 4. Omega alleges that CIC failed to tender payment based upon the reasonable and customary charge for the services and is liable to it for $74,000. *Id.*

On August 7, 2015, the District Court granted Omega's Motion for Voluntary Dismissal with Prejudice (R. Doc. 112). The Court retained jurisdiction over CIC's Motion for Sanctions (R.

Doc. 103) which concerned Omega's failure to produce a qualified corporate representative for its 30(b)(6) deposition in violation of this Court's previous Orders. *See* R. Docs. 36, 53.

On August 19, 2015, the Court granted CIC's motion for sanctions finding that Omega's designated two corporate representatives that were not qualified to respond to questions to the noticed topics and that their inability to respond amounted to a nonappearance. The Court's Order was limited to reasonable fees and costs for the depositions on June 25, 2015, and for preparation of the motion for sanctions. The Court expressly barred recovery for a *procès verbal* which took place on June 15, 2015, because CIC failed to attach the transcript. R. Doc. 121, p. 9. On September 2, 2015, CIC filed its instant motion wherein it seeks a fee award of $8,821.08 for 31.0 hours for work performed by its counsel, Michael Drew and Brittany Simpson, and costs of $1,739.35. R. Doc. 123-2, p. 4. CIC states that Drew charged $6,545.45 ($303.03 x 21.60 hours) and Simpson charged $2,275.93 ($225.34 x 10.10 hours) for a total of $8,821.38.[1]

Omega opposes the motion, arguing that the fee entries submitted by Drew and Simpson are unreasonable because they contain: duplicate entries; block billing; entries for the June 15, 2015, deposition which the Court previously barred; and entries for unsubstantiated work. R. Doc. 127, p. 3-6.

## II.  Standard of Review

Although in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees, *see Alyeska Pipeline Servs. Co. v. Wilderness Soc 'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), the instant motion relates to an award of sanctions, in

---

[1]CIC's motion miscalculated Drew's requested amount for fees related to the corporate depositions on June 25, 2015. *See* R. Doc. 123-3, p. 3. It incorrectly states that Drew worked 9.90 hours for $2,999.70 in fees. *Id.* However, the correct calculation is $3,000.00 ($303.03 x 9.90 hours) which gives a difference of $0.30.

the form of attorney's fees, pursuant to Federal Rule of Civil Procedure 37. Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the federal standard. *See Southern U.S. Trade Ass'n v. Guddh*, No. 10–1669, 2013 WL 1789515 at *2, n. 2 (E.D.La. Apr. 26, 2013) (applying the federal standard in a diversity matter because attorney's fees were related to a motion for sanctions pursuant to FRCP 37).

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.    Analysis**

    **A.    Reasonableness of Hourly Rates**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The

applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328. *Trahan v. Crown Drilling, Inc.*, No.2011 WL 3320531, at *4 (E.D.La. July 13, 2011) (Roby, M.J.) (finding attorney's requested rate reasonable because it was not challenged by the opposing party).

Here, CIC seeks to recover fees for two attorneys that worked on the matter. These attorneys are Michael Drew ("Drew") and Brittany Simpson ("Simpson"). Drew and Simpson both practice law in the New Orleans office of Jones Walker, LLP. *See* R. Doc. 123-3, p. 1. The billing entries show that Drew's hourly rate for this matter was $303.03 and Simpson's hourly rate was

4

$225.34. Omega's opposition does not contest the reasonableness of the attorneys' rates. Thus, the Court finds that the rates of Drew and Simpson are reasonable.

### B.      Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996). Attorneys exercise "billing judgment" by excluding time that is, *inter alia*, inadequately documented when seeking fee awards. *Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

#### 1.      Block Billing

As an initial matter, the fee application submitted by CIC contains a number of entries that are block billed. This term can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 n. 9 (10th Cir. 1998). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D.La. Jan. 6, 2009) (emphasis added). *See Yelton v. PHI, Inc.*, No. 09–3144, 2012 WL 3441826, at *8 (E.D.La. Aug. 14, 2012); *Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09–3822, 2010 WL 2773208, at *8–9 (E.D.La. July 13, 2010).

The majority of CIC's entries have a number of tasks that are lumped together under a single entry for a day. CIC also redacts a large amount of a number of entities without modifying

the number of hours it incurred. This makes it impossible for the Court to determine the reasonableness of the hours spent on the tasks for which CIC requests recovery.

For example, Drew seeks recovery for 18 hours for his June 24, 2015 entry ("Review Document and Outline in Preparation for Omega Corporate Deposition"). R. Doc. 123-3, p. 10. However, the lines preceding that statement are wholly redacted. As further illustration of block billing, on July 28, 2015, Simpson:

> Prepare motion for sanctions prepare exhibits for filing, prepare *ex parte* motion to file exhibits under seal and related memo and order; prepare letter to Judge Roby re same; prepare letter to Mike Drew in support of Motion for Sanctions.

R. Doc. 123-3, p. 21. The billing entries are replete with other instances of block-billing.

While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n. 12. A review of case law reflects that the method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D.La. 2008) (Roby, M. J.); *Harris v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D.La. 2009) (Roby, M. J.) (reduction of fee award by 25% percent because of block-billing); *see also Phoenix Four, Inc., v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug.1, 2006) (fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt*, No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov.17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Group Inc.*, 277 F.Supp.2d 323, 326 (S.D.N.Y.2003) ("because of . . . the inherent difficulties the court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the court finds that a 15% "flat reduction of

fees . . . is warranted."). Therefore, the Court will decrease CIC's below fee award by 20 % because of systemic block billing.

### 2.     Duplicate Entries

The next issue is to calculate a reasonable fee amount. To that end, the Court may either conduct a line-by-line analysis of the bill submitted, or else reduce the award by a reasonable percentage. Given the fact that CIC has submitted an itemized list of billable entries, as well as the fact that these entries are reasonably delineated, the Court will conduct a line-by-line analysis of the bill in question to determine whether it is reasonable. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Omega opposed CIC's billing records and contends that in addition to entries being block billed, the records include duplicative entries. In particular, Omega contends that Simpson's June 25, 2015 entry ("Attend 30(b)(6) deposition of Omega [and] prepare email correspondence to Ms. McCoy re deposition") is duplicate to Drew's entry ("Prepare for and take corporate depositions of Omega representatives") for the same day. R. Doc. 123-3, p. 10.

The Fifth Circuit has noted that "[i]f more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do may be obviously discounted." *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (quotation omitted); *accord Phila. Indem. Ins. Co. v. SSR Hospitality, Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012) (affirming lower court's decision to reduce fees for duplicative work). Furthermore, "[h]ours spent in duplicative activity or in the passive role of an observer while other attorneys perform are generally not recoverable. *Int'l Marine, LLC v. FDT, LLC*, No. CIV.A. 10-0044, 2015 WL 914898, at *16 (E.D. La. Mar. 3, 2015) (citing *Coleman v. Houston Indep. Sch. Dist.*, 202 F.3d 264, 1999 WL 1131554, at *6 (5th Cir. 1999)).

Here, both Drew and Simpson prepared for and attended the corporate deposition on June 25, 2015, which constitutes duplicate work. Drew billed 6.20 hours to "prepare for and take corporate depositions of Omega representatives (Maher and Johnson)." R. Doc. 123-3, p. 10. Simpson billed 5.50 hours to "attend 30(b)(6) deposition of Omega; Prepare email correspondence to Ms. McCoy re deposition." *Id.*

Drew and Simpson also both revised the motion for sanction on July 27, 2015, which also constitutes duplicative work. *Id.* at 21. Drew billed .70 hour to "review motion for sanctions." Simpson billed .50 hour to "review and edit motion for sanctions." These entries are duplicative.

Having determined that the above entries constitute duplicate work, the Court shall reduce each attorney's hours by 50% for the duplicative entries. Thus, Drew's June 25th entry is reduced to 3.10 hours (6.20 x 50%) and his July 27th entry is reduced to .35 hour (.70 x 50%). Simpson's June 25th entry is reduced to 2.75 hours (5.50 x 50%) and his July 27th entry is reduced to .25 hour (.50 x 50%). In total, Drew's hours are reduced by 3.45 hours and Simpson's hours are reduced by 3.00 hours.

### 3. Recovery for the June 15, 2015, *Procès Verbal*

Omega contends that Drew's billing records reflects that he spent a total of 6.0 hours drafting a motion for sanctions regarding Debbie Schenck. R. Doc. 127, p. 6. Omega further contends that these hours are not recoverable because the Court's Order granting sanctions was expressly limited to the June 25, 2015, depositions of Angela Maher and Shawna Johnson, and not the June 15, 2015, *procès verbal* for which Debbie Schenck was the subject for her nonappearance. *Id.*

The Court's Order issued on August 19, 2015, in which it ruled that CIC's was entitled to reasonable attorneys' fees and costs for June 25, 2015, deposition and the preparation of the subject motion for sanctions. *See* R. Doc. 121, p. 9. However, the Court ruled that fees and costs are not

8

recoverable for the *procès verbal* that was held on June 15, 2015. *Id.* CIC is now seeking recovery for three, separate entries by Drew on July 21st, 22nd, and 23rd that relate to drafting the sanctions motion regarding Schenck. Based on the Court's previous Order, CIC's request for fees is limited to the June 25, 2015, deposition which did not involve Schenck. Accordingly, CIC's request for fees associated with Schenck is denied. Accordingly, the Court shall reduce CIC's award by $1,818.18 (6 hours x $303.03).

### 4. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### 5. Reasonable Attorneys' Fee

Given the above reductions for block billing, duplicative entries, and for the June 15th *procès verbal*, the below chart reflects CIC's reasonable fee award.

|  | Drew ($303.03) | Simpson ($225.34) | Total |
|---|---|---|---|
| **Requested Hours** | 21.60 | 10.10 | |
| **Hours Reduced Because of Duplicative Entries** | (3.45) | (3.00) | |
| **Hours Reduced for the June 15, 2015 Deposition** | (6.00) | 0.00 | |
| **Total Reasonable Hours** | 12.15 | 7.10 | |
| **(Reasonable Hours x Reasonable Rate)** | $3,681.81 | $1,599.91 | $5,281.72 |
| **20% Block Billing Reduction** | ($736.36) | ($319.98) | ($1,056.34) |
| **Total Reasonable Attorneys' Fee Award** | **$2,945.45** | **$1,279.93** | **$4,225.38** |

### C. Costs

CIC's seeks to recover $1,739.35 for costs it incurred in court reporter fees, including $648.25 for the deposition transcript of Johnson and $1,091.10 for the deposition transcript of Maher. R. Doc. 123-3, p. 22; *see e.g. Nicholson v. HMI Astrachem*, 2002 WL 31056582 (E.D.La. 2002) (awarding costs for deposition transcripts). Omega did not object to the costs. Accordingly, the Court will award $1,739.35 for deposition transcript fees.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Community Insurance Company's **Motion to Fix Attorney's Fees (R. Doc. 123)** is hereby **GRANTED** and that it is awarded reasonable attorney's fee in the amount of **$4,225.38** and costs in the amount of **$1,739.35** for a total award of **$5,964.73** to be paid by Omega Hospital, LLC no later than **twenty-one (21) days** from the signing of this Order.

New Orleans, Louisiana, this 24th day of March 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**